1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KENNETH PATTON,        )
                              )
          Petitioner,     )      2:12-cv-01437-JCM-GWF
                              )
vs.                        )      **ORDER**
                              )
STATE OF NEVADA, *et al.*,    )
                              )
          Respondents.    )
_____/

     This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  Before the court are respondents' motion to dismiss the amended petition (ECF No. 23) and petitioner's motions to extend prison copywork (ECF Nos. 30 & 31).

**I.  Procedural History**

     On May 21, 2008, the state filed an amended criminal complaint which charged petitioner with the following five counts: first degree kidnapping resulting in substantial bodily harm, attempted murder, battery constituting domestic violence with substantial bodily harm, assault with a deadly weapon, and robbery with the use of a deadly weapon.  (Exhibit 1).[1]  On May 21, 2008, after a preliminary hearing, the justice court bound petitioner over on all five counts except attempted murder.  (Exhibits 1 & 2).

---

[1]  The exhibits referenced in this order are found in the court's record at ECF Nos. 11-13.

1    The state filed an information on May 22, 2008.  (Exhibit 3).  At his arraignment on May 29,

2    2008, petitioner pled not guilty and invoked the 60-day rule.  (Exhibit 4).  The court set calendar call

3    for August 27, 2008, and trial for September 2, 2008.  (*Id.*).

4    On June 18, 2008, petitioner filed a motion to dismiss appointed counsel Geller and appoint

5    new counsel because petitioner claimed that Geller failed to communicate with him or visit him at

6    the Clark County Detention Center (CCDC), and failed to investigate any defense in mitigation of his

7    sentence.  (Exhibit 5).  On June 30, 2008, the court denied petitioner's motion.  (Exhibit 6).

8    On July 18, 2008, petitioner filed a pretrial petition for a writ of habeas corpus, arguing that

9    the kidnapping charge should be dismissed because the victim's confinement was incidental to the

10    battery resulting in substantial bodily harm.  (Exhibit 7).  The state filed a return to the petition.

11    (Exhibit 9).  On August 20, 2008, the court denied the petition.  (Exhibit 10).

12    On October 23, 2008, petitioner filed another motion to dismiss counsel Geller and appoint

13    new counsel, which was identical to the June 18, 2008 motion.  (Exhibit 11).  On November 5, 2008,

14    the court denied the motion.  Petitioner then requested to represent himself.  The court set a *Faretta*

15    hearing for November 12, 2008.  (Exhibit 12).  On November 12, 2008, the court granted petitioner's

16    motion to represent himself and appointed the public defender as stand-by counsel.  (Exhibit 13).

17    On November 17, 2008, petitioner filed a motion for discovery and all favorable evidence.

18    (Exhibit 14).  On November 21, 2008, petitioner filed a motion for a continuance of the September 2,

19    2008 trial date to February 2009.  (Exhibits 15).  At the calendar call on November 26, 2008, the

20    court granted petitioner's motion for discovery and for a continuance, and also granted the state's

21    motion to amend the information.  (Exhibit 16).  Trial was re-scheduled for February 23, 2009.  (*Id.*).

22    The amended information was filed on November 26, 2008.  (Exhibit 17).

23    On December 8, 2008, petitioner filed another motion to dismiss support-counsel and to

24    appoint alternate counsel.  (Exhibit 18).  Petitioner alleged that Geller failed to visit him at CCDC,

25    failed to provide complete discovery including a transcript of a 911 call from May 1, 2008, failed to

26

2

1    maintain attorney/client confidentiality during phone conversations, and failed to direct necessary

2    investigatory personnel to visit him.  (*Id.*).  At a hearing on the motion, on January 14, 2009,

3    prosecutor Smith informed the court that he had personally turned over to petitioner all the discovery

4    he had requested, except for the 911 transcript, which he gave to petitioner in open court.  (Exhibit

5    19).  Stand-by counsel Geller informed the court that investigator Everett had visited petitioner; he

6    also informed the court that he had a copy of the entire file.  (*Id.*).  The court granted the motion and

7    appointed counsel Frank Kocka as counsel (not stand-by counsel).  (*Id.*).  The court continued the

8    February 23, 2009 trial and set a status check hearing.  (*Id.*).  At status check hearings on January 21

9    and 26, 2009, the court set trial for April 20, 2009.  (Exhibits 20 & 21).

10          On March 12, 2009, petitioner filed a motion to dismiss support-counsel and appoint

11   alternate counsel.  (Exhibit 22).  At a hearing on March 30, 2009, petitioner withdrew the motion.

12   Attorney Kocka advised the court that he had reviewed all discovery with petitioner.  (Exhibit 23).

13          At the calendar call on April 15, 2009, counsel Kocka requested compliance with a subpoena

14   to obtain records which may have shown that petitioner had an alibi.  (Exhibit 24).  Counsel Kocka

15   also requested a continuance.  (*Id.*).  The court ordered the records to be produced and granted

16   counsel's motion for a continuance.  (*Id.*).  Trial was re-set for June 22, 2009.  (*Id.*).

17          On April 16, 2009, the state filed a motion to conduct a video-taped deposition of Dr.

18   Richard Schwartz, who had treated the victim and who would be out of the country at the time of

19   trial.  (Exhibit 25).  Petitioner's counsel had no opposition to the motion, and the court granted the

20   motion.  (Exhibit 26).  The parties later agreed to call off Dr. Schwartz's deposition, as a different

21   doctor would testify at trial.  (Exhibit 27).

22          On June 22, 2009, the jury trial began; four days later the jury found petitioner guilty of first-

23   degree kidnapping, battery constituting domestic violence with substantial bodily harm, robbery, and

24   misdemeanor assault.  (Exhibits 28, 29, 30, 31, 32 & 33).

25

26

At the sentencing hearing on August 10, 2009, the court sentenced petitioner to 5 years to life on the first-degree kidnapping, a consecutive 12-36 months on the battery constituting domestic violence with substantial bodily harm, 26-120 months on the robbery, to run concurrently with the kidnapping sentence, and time served on the assault, with 462 days credit for time served.  (Exhibit 34).  On August 14, 2009, the judgment of conviction was filed.  (Exhibit 35).

Petitioner filed a notice of appeal on August 18, 2009.  (Exhibit 36).  Appellant's opening brief, filed by counsel Gamage, was filed on March 29, 2010.  (Exhibit 37).  On April 8, 2010, the state filed its answering brief.  (Exhibit 38).  On July 15, 2010, the Nevada Supreme Court filed its order affirming the convictions.  (Exhibit 39).  Remittitur issued on August 10, 2010.  (Exhibit 40).

On October 5, 2010, petitioner filed a motion for the production of documents, papers, pleadings, and tangible property of defendant.  (Exhibit 41).  On October 20, 2010, the court granted petitioner's motion.  (Exhibit 42).  The court also granted petitioner's motion to withdraw counsel Gamage.  (*Id.*).

On December 1, 2010, petitioner filed a motion for discovery which alleged that he didn't receive discovery.  (Exhibit 43).  The state filed an opposition.  (Exhibit 44).  On December 15, 2010, the court granted the motion in part and directed prior counsel Kocka to provide petitioner with the items not previously provided.  (Exhibit 45).

On December 27, 2010, petitioner filed another motion for discovery which described additional documents that he had not received.  (Exhibit 46).  On January 12, 2011, the court granted the motion in part and directed prior counsel Gamage to provide the documents to petitioner.  (Exhibit 47).

On April 11, 2011, petitioner filed a post-conviction habeas petition and an accompanying memorandum in the state district court.  (Exhibits 48 & 49).  On August 12, 2011, the state filed an opposition to the post-conviction habeas petition.  (Exhibit 50).  The state district court held a hearing on the petition on October 24, 2011, at which the court denied the petition.  (Exhibit 51).  On

4

December 22, 2011, the state district court filed findings of fact, conclusions of law, and order denying the petition, except as to ground 10, concerning a clerical error in the judgment of conviction.  (Exhibit 53).  The state district court filed an amended judgment of conviction which corrected the "first degree kidnapping resulting in substantial bodily harm" language in the original judgment of conviction to state "first degree kidnapping."  (Exhibit 54; Exhibit 34).  Petitioner appealed the denial of the post-conviction habeas petition.  (Exhibit 52).

On February 21, 2012, while the appeal from the denial of the post-conviction habeas petition was pending, petitioner filed a motion for transcripts at state expense in state district court.  (Exhibit 55).  On March 7, 2012, the state district court heard the matter and denied the motion.  (Exhibit 58).  The court's written order denying the motion was filed on March 28, 2012.  (Exhibit 59).  Petitioner appealed.  (Exhibit 60).  By order filed May 17, 2012, the Nevada Supreme Court dismissed the appeal for lack of jurisdiction.  (Exhibit 61).

On July 25, 2012, petitioner filed a motion for an enlargement of time to file a petition for rehearing of his post-conviction habeas petition.  (Exhibit 63).  The state district court denied the motion at a hearing on August 6, 2012.  (Exhibit 65).  The state district court filed a written order denying the motion on August 20, 2012.  (Exhibit 66).

On October 8, 2012, the Nevada Supreme Court issued its order affirming the district court's denial of the post-conviction habeas petition.  (Exhibit 67).  Remittitur issued on November 2, 2012.  (Exhibit 68).

On August 8, 2012, petitioner dispatched his original federal habeas petition to this court.  (ECF No. 1-1).  By order filed January 31, 2013, the court ordered the original petition to be filed by the clerk and directed a response to the petition.  (ECF No. 6).  The petition was filed on that date.  (ECF No. 7).  Respondents filed a motion to dismiss on March 18, 2013.  (ECF No. 9).  On April 15, 2013, petitioner filed a motion to amend the petition, along with a proposed amended petition.  (ECF Nos. 18 & 18-1).  Respondents did not oppose the motion.  (ECF No. 20).  On April 30, 2013, the

1   court granted petitioner's motion to file an amended petition and denied respondents' motion to

2   dismiss without prejudice.  (ECF No. 21).  The amended federal petition was filed at ECF No. 22.

3   Petitioner's amended federal petition contains ten grounds which are identical to the ten grounds

4   petitioner raised in his post-conviction habeas petition and memorandum filed in state district court.

5   (*Compare* ECF No. 22 *to* Exhibit 49).

6         Respondents have filed a motion to dismiss the amended petition.  (ECF No. 23).  Petitioner

7   filed an opposition to the motion.  (ECF No. 27).  Petitioner has filed two motions to extend his

8   prison copywork limit.  (ECF Nos. 30 & 31).  Petitioner has also filed a motion to submit pleadings,

9   seeking a decision on respondents' motion to dismiss.  (ECF No. 29).  Petitioner's motion to submit

10  pleadings is rendered moot by this order, and is denied.

11  **II. Discussion**

12         **A. Petitioner's Motions to Extend Copywork Limit (ECF Nos. 30 & 31)**

13         Before addressing respondents' motion to dismiss the amended petition, the court addresses

14  petitioner's two motions to extend his prison copywork limit, filed November 12, 2013, and January

15  3, 2014.  (ECF Nos. 30 & 31).  Petitioner, using an identical pre-typed form for both motions, asserts

16  that he has reached or exceeded his $100.00 limit for copywork pursuant to the Nevada Department

17  of Corrections' administrative regulation 722.12.  (*Id.*).  Petitioner asserts that he seeks a reasonable

18  allowance of copywork for the purpose of filing "amended pleadings, motions, responses, replies,

19  notices, etc."  (*Id.*).  The court notes that, on July 10, 2013, petitioner filed his opposition to

20  respondents' motion to dismiss the amended petition.  (ECF No. 27).  As such, petitioner has filed

21  the only response that was due from him at this juncture.  Petitioner's motions to extend his prison

22  copywork limit do not specify any other reason that petitioner currently needs to file copywork in the

23  litigation of this action.  As such, petitioner's motions to extend his copywork limit are denied.

24  / / / / / / / / / / /

25  / / / / / / / / / /

26
                                    6

**B.  Respondents' Motion to Dismiss (ECF No. 23)**

**1.  Procedural Default Arguments**

**a.  Procedural Default Standard**

Respondents argue that grounds 1, 3, 4, 5, and 7 of the amended petition, or certain claims within those grounds, were procedurally defaulted in state court and should be dismissed from this federal habeas corpus action.  "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).  The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).  In order for the procedural bar doctrine to apply and preclude federal review, the state court must actually rely on the procedural bar as a separate basis for its disposition of the claim.  *See Harris v. Reed*, 489 U.S. 255, 261-62 (1989).  If the state court reaches the merits of a claim instead of relying on a procedural bar, the claim is not procedurally defaulted in state court and the federal court may review the merits of the claim.  *Harris*, 489 U.S. at 262-63.  "Unless a court expressly states that it is relying upon a procedural bar, [the court] must construe an ambiguous state court response as acting on the merits of the claim, if such a construction is plausible."  *Chambers v. McDaniel*, 549 F.3d 1191, 1197 (9th Cir. 2008).

1  **b. Certain Grounds of the Amended Petition are Procedurally Defaulted**

2      The grounds of the amended federal petition are identical to the grounds raised in petitioner's

3  state post-conviction habeas petition and memorandum. (*Compare* ECF No. 22 *with* Exhibit 49).

4  On appeal from the denial of petitioner's state habeas petition, the Nevada Supreme Court reached

5  decision on petitioner's many claims of ineffective assistance of trial and appellate counsel. (Exhibit

6  67). However, as to the claims independent of the ineffective assistance of counsel claims, the

7  Nevada Supreme Court found such claims procedurally defaulted. The Nevada Supreme Court

8  explicitly cited NRS 34.810(1)(b)(3), and ruled:

9          To the extent that appellant raised any claims independently from his
           claims of ineffective assistance of trial [and appellate] counsel, those
10         claims were waived as they could have been raised on direct appeal
           and appellant failed to demonstrate good cause and prejudice for his
11         failure to do so. NRS 34.810(1)(b)(3).

12  (Exhibit 67, at p. 1, n.2 & p. 8, n.9).

13                          **1. Ground 1**

14      In ground 1 of the amended petition, petitioner alleges that NRS 200.310(1), the kidnapping

15  statute, is unconstitutional under the Fourteenth Amendment because it is vague, ambiguous, and

16  overly broad. (ECF No. 22, at pp. 3-13). Because this claim was independent of the ineffective

17  assistance of counsel claims in the post-conviction petition, the Nevada Supreme Court found the

18  claim procedurally defaulted, explicitly citing NRS 34.810(1)(b)(3) and petitioner's failure to

19  demonstrate good cause and prejudice for failing to raise the issue on direct appeal. (Exhibit 67, at p.

20  1, n.2 & p. 8, n.9). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases,

21  application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate

22  state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179

23  F.3d 1207, 1210-12 (9th Cir. 1999). This court finds that petitioner's claim in ground 1 of the

24  amended petition that NRS 200.310(1) is unconstitutionally vague, ambiguous, and overly broad was

25  procedurally defaulted by the Nevada Supreme Court on independent and adequate state law

26

8

grounds.  Ground 1 of the amended petition is procedurally barred from review by this court and will

be dismissed with prejudice.

**2.  Ground 3**

In ground 3 of the amended petition, petitioner alleges several claims of ineffective assistance

of counsel.  (ECF No. 22, at pp. 19-23).  Petitioner also claims that "the court misled the jury by

saying all three knife [knives] came from the same place" but the evidence showed that one of the

knives was recovered from the victim's purse while she was at the hospital.  (*Id.*).

The Nevada Supreme Court reached a decision on the ineffective assistance of counsel claims

raised in ground 3 of the petition.  (Exhibit 67).  Because the Nevada Supreme Court ruled on the

merits of the ineffective assistance of counsel claims, this court will not dismiss such claims as

procedurally defaulted.  *See Harris*, 489 U.S. at 262-63; *see also Chambers*, 549 F.3d at 1197.  The

only claim within ground 3 that is independent of the ineffective assistance of counsel claim is

petitioner's claim that "the court misled the jury by saying all three knife [knives] came from the

same place."  (ECF No. 22, at pp. 21, 23).  As to the claims independent of the ineffective assistance

of counsel claims, the Nevada Supreme Court found such claims procedurally defaulted, explicitly

citing NRS 34.810(1)(b)(3).  (Exhibit 67, at p. 1, n.2 & p. 8, n.9).  This court finds that the portion of

ground 3 which claims that "the court misled the jury by saying all three knife [knives] came from

the same place" was procedurally defaulted by the Nevada Supreme Court on independent and

adequate state law grounds.  That single claim is procedurally barred from review by this court and

will be dismissed.  The remaining claims of ineffective assistance of counsel within ground 3 are not

procedurally barred and shall proceed.

**3.  Ground 4**

Ground 4 of the amended petition contains several claims of ineffective assistance of counsel.

(ECF No. 22, at pp. 23-27).  The Nevada Supreme Court, applying the standard in *Strickland v.*

*Washington*, 466 U.S. 668 (1984), reached a decision on the merits of the ineffective assistance of

1   counsel claims raised in ground 4 of the amended petition.  (Exhibit 67, at pp. 5-10).  Because the

2   Nevada Supreme Court ruled on the merits of the ineffective assistance of counsel claims, this court

3   will not dismiss such claims as procedurally defaulted.  *See Harris*, 489 U.S. at 262-63; *see also*

4   *Chambers*, 549 F.3d at 1197.

5        Petitioner also alleges in ground 4 that his rights to due process, equal protection, the

6   confrontation clause, and a fair trial were violated.  Respondents argue these claims should be

7   dismissed as procedurally barred.  To the extent that petitioner claims that his rights to due process,

8   equal protection, confrontation clause, and a fair trial were violated, such claims are independent of

9   petitioner's ineffective assistance of counsel claims.  The Nevada Supreme Court found such claims

10  procedurally defaulted, explicitly citing NRS 34.810(1)(b)(3).  (Exhibit 67, at p. 1, n.1, p. 8, n.9).

11  This court finds that the due process, equal protection, confrontation clause, and   fair trial claims

12  within ground 4 were procedurally defaulted by the Nevada Supreme Court on independent and

13  adequate state law grounds of NRS 34.810(1)(b)(3).  As such, these claims are procedurally barred

14  from review by this court and will be dismissed.  However, because the Nevada Supreme Court ruled

15  on the merits of petitioner's claims of ineffective assistance of counsel within ground 4, those claims

16  were not procedurally defaulted and they shall proceed.

17                                    **4. Ground 5**

18       Respondents argue that ground 5 should be dismissed as procedurally defaulted and as

19  conclusory.  Petitioner alleges that appellate counsel should have argued that the district court made

20  a public display of sympathy for the victim when he offered her a tissue during trial.  (ECF No. 22, at

21  pp. 27, 29).  The Nevada Supreme Court reached a decision on the merits of the claim that appellate

22  counsel was ineffective for failing to argue that the district court made a public display of sympathy

23  for the victim when he offered the victim a tissue.  (Exhibit 67, at p. 11).  Because the Nevada

24  Supreme Court ruled on the merits the ineffective assistance of counsel claim, this court will not

25  dismiss ground 5 as procedurally defaulted.  *See Harris*, 489 U.S. at 262-63; *see also Chambers*, 549

26

1   F.3d at 1197.  Ground 5, petitioner's claim that appellate counsel was ineffective for failing to argue

2   that the district court made a public display of sympathy for the victim when he offered the victim a

3   tissue, shall proceed.

4                                              **5.  Ground 7**

5          In ground 7 of the amended petition, petitioner alleges several claims of ineffective assistance

6   of counsel.  (ECF No. 22, at pp. 32-37).  Petitioner also claims that his rights to due process and a

7   fair trial were violated by erroneous jury instructions.  (*Id.*).  The Nevada Supreme Court reached a

8   decision on the merits of the ineffective assistance of counsel claims raised in ground 7 of the

9   amended petition.  (Exhibit 67, at pp. 6-11).  Because the Nevada Supreme Court ruled on the merits

10  of the ineffective assistance of counsel claims, this court will not dismiss such claims as procedurally

11  defaulted.  *See Harris*, 489 U.S. at 262-63; *see also Chambers*, 549 F.3d at 1197.

12         Respondents argue that petitioner's claims of being deprived of a fair trial and due process

13  are procedurally barred.  To the extent that petitioner alleges that jury instructions violated his rights

14  to due process and a fair trial, such claims are independent of petitioner's ineffective assistance of

15  counsel claims.  The Nevada Supreme Court found such claims procedurally defaulted, explicitly

16  citing NRS 34.810(1)(b)(3).  (Exhibit 67, at p. 1, n.1, p. 8, n.9).  This court finds that the due process

17  and fair trial claims within ground 7 were procedurally defaulted by the Nevada Supreme Court on

18  independent and adequate state law grounds of NRS 34.810(1)(b)(3).  As such, these claims are

19  procedurally barred from review by this court and will be dismissed.  However, because the Nevada

20  Supreme Court ruled on the merits of petitioner's claims of ineffective assistance of counsel within

21  ground 7, those claims were not procedurally defaulted and they shall proceed.

22                                          **c.  Cause and Prejudice**

23         To demonstrate cause for a procedural default, the petitioner must be able to "show that some

24  *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.

25  *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (emphasis added).  For cause to exist, the external

26

1    impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499

2    U.S. 467, 497 (1991).  If the petitioner fails to show cause, the court need not consider whether the

3    petitioner suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v.*

4    *Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

5        Petitioner has not asserted any reason for his failure to properly raise his procedurally

6    defaulted claims on direct appeal.  Neither the petition itself, nor petitioner's other filings, asserts

7    any argument of cause and prejudice to excuse the procedural default.  This court finds that

8    petitioner's claims independent of his ineffective assistance of counsel claims were procedurally

9    defaulted in state court, and petitioner has failed to show cause and prejudice to excuse the

10   procedural default.  As such, the claims are barred from review by this court, and will be dismissed

11   with prejudice.

12                       **2.  Non-Cognizable Claim and Mootness Arguments**

13                              **a.  Ground 8**

14       Respondents seek dismissal of ground 8 on the basis that petitioner fails to allege specific

15   facts to support a cognizable claim for federal habeas corpus relief.  Ground 8 of the amended

16   petition states as follows, in its entirety: "statement (under penalty of perjury) see Ex-275, Ex-276,

17   Ex-277, Ex-278."  (ECF No. 22, at p. 37).

18        A state prisoner is entitled to federal habeas relief only if he is being held in custody in

19   violation of the constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Pursuant to

20   Rule 2(c) of the Rules Governing Section 2254 Cases, a federal habeas petition must specify all

21   grounds for relief and "state the facts supporting each ground."  Unless an issue of federal

22   constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under

23   federal habeas corpus.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  Petitioner must demonstrate the

24   existence of federal constitutional law which establishes the right in question.  In ground 8, petitioner

25

26

1   does not allege a violation of any federal constitutional right.  Therefore, ground 8 is dismissed for

2   failure to state a cognizable claim for federal habeas corpus relief.

3                                              **b.  Ground 10**

4         Respondents argue that ground 10 of the amended petition should be dismissed because it is

5   now moot.  Article II, section 2 of the United States Constitution provides that the "exercise of

6   judicial power depends on the existence of a case or controversy."  *Liner v. Jafco, Inc.*, 375 U.S. 301,

7   306, n.3 (1964).  "The case or controversy requirement subsists through all stages of federal judicial

8   proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome

9   of the lawsuit."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal quotations

10  omitted).  Mootness occurs when there is no longer a case or controversy.  *Spencer v. Kemna*, 523

11  U.S. 1, 7 (1998).

12        In ground 10 of the amended petition, petitioner argues that his original judgment of

13  conviction is erroneous because it states that he was convicted of "first degree kidnapping resulting

14  in substantial bodily harm."  (ECF No. 22, at p. 39).  As stated earlier in this order, the amended

15  federal petition contains ten grounds which are identical to the ten grounds petitioner raised in his

16  post-conviction habeas petition and memorandum filed in state district court on April 11, 2011.

17  (*Compare* ECF No. 22 *to* Exhibit 49).  On December 22, 2011, the state district court filed findings

18  of fact, conclusions of law, and order denying the state habeas petition, except as to ground 10,

19  concerning a clerical error in the original judgment of conviction.  (Exhibit 53).  The state district

20  court filed an amended judgment of conviction which corrected the "first degree kidnapping

21  resulting in substantial bodily harm" language in the original judgment of conviction to state "first

22  degree kidnapping."  (Exhibit 54; Exhibit 34).  Because petitioner has obtained relief on his claim in

23  the state court, ground 10 is moot.  Because there is no longer a controversy as to ground 10 of the

24  amended petition, it is dismissed with prejudice.

25  / / / / / / / / / /

26

1  **III.  Conclusion**

2       **IT IS THEREFORE ORDERED** that petitioner's motions to extend his prison copywork

3  limit (ECF Nos. 30 & 31) are **DENIED.**

4       **IT IS FURTHER ORDERED** that petitioner's motion to submit pleadings (ECF No. 29) is

5  **DENIED.**

6       **IT IS FURTHER ORDERED** that the respondents' motion to dismiss (ECF No. 23) is

7  **GRANTED in part,** as follows:

8        1.    Ground 1 of the amended petition is **DISMISSED WITH PREJUDICE** as
9              procedurally barred.

      2.    The portion of ground 3 claim which claims that "the court misled the jury by saying
10              all three knife [knives] came from the same place" is **DISMISSED WITH
            PREJUDICE** as procedurally barred.

11
      3.    The due process, equal protection, confrontation clause, and fair trial claims within
12              ground 4 are **DISMISSED WITH PREJUDICE** as procedurally barred.

13        4.    The fair trial and due process claims within ground 7 are **DISMISSED WITH
            PREJUDICE** as procedurally barred.
14
      5.    Ground 8 of the amended petition is **DISMISSED WITH PREJUDICE** for failure
15              to state a cognizable claim for federal habeas corpus relief.

16        6.    Ground 10 of the amended petition is **DISMISSED WITH PREJUDICE** as moot.

17       **IT IS FURTHER ORDERED** that this action **SHALL PROCEED** on the following

18  grounds of the amended petition:

19        1.    Ground 2, in its entirety.

20        2.    The ineffective assistance of counsel claims raised in ground 3.

21        3.    The ineffective assistance of counsel claims raised in ground 4.

22        4.    Ground 5, in its entirety.

23        5.    Ground 6, in its entirety.

24        6.    The ineffective assistance of counsel claims raised in ground 7.

25        7.    Ground 9, in its entirety.

26

1    **IT IS FURTHER ORDERED** that respondents **SHALL FILE AND SERVE AN**

2    **ANSWER** to the remaining grounds of the amended petition within **thirty (30) days** from the entry

3    of this order.  The answer shall include substantive arguments on the merits of the remaining grounds

4    of the amended petition.  **No further motions to dismiss will be entertained**.

5    **IT IS FURTHER ORDERED** that petitioner **SHALL FILE AND SERVE A REPLY** to

6    the answer, within **thirty (30) days** after being served with the answer.

7    Dated March 14, 2014.

8

9    _____

10   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

15