# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH PATTON, | Case No. 2:12-cv-01437-JCM-GWF |
| Petitioner, | |
| v. | **ORDER** |
| STATE OF NEVADA, et al., | |
| Respondents. | |

This habeas matter is before the court on Petitioner Kenneth Patton's Motion for Copies (ECF No. 61) and Motion for Documents (ECF No. 63). Petitioner's motions requests copies of everything on file in his case.

Generally, an inmate has no constitutional right to free photocopying or to obtain court documents without payment. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The fundamental constitutional right of access to the courts requires prison authorities to help inmates prepare and file "meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds v. Smith*, 430 U.S. 817, 828 (1977); it does not impose an obligation "to finance and support prisoner litigation," *Lewis v. Casey*, 518 U.S. 343, 384–85 (1996).

Federal courts do not allow prisoners or any other litigants to accrue copy fees—payment for copy fees is required at the time a request is made. LR IC 1-1(i)(5) (paper copies of filed documents may be obtained from the clerk's office after payment of copying fees).[1] Nothing in federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or established case law authorizes federal courts to waive or finance copy fees in closed habeas cases. LSR 1-7 (stating

---

[1] Pursuant to 28 U.S.C. § 1914, the Judicial Conference has adopted a schedule of fees for copying and related services provided by the United States Courts. A fee of 50¢ per page is charged for court staff to reproduce any record or paper filed in a case. *See* Fee Schedule, available on the court's website at https://www.nvd.uscourts.gov/court-information/fee-schedule/.

1  that *in forma pauperis* status does not waive a party's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915," which does not provide for copies).

This case was closed in February 2016 when the Court denied the amended petition for writ of habeas corpus. (ECF No. 50.) The Federal Rules of Civil Procedure require each party to serve court filings on an opposing party. *See* Fed. R. Civ. P. 5. Thus, Petitioner received a copy of the relevant state court record filed by Respondents in March 2013. (*See* ECF Nos. 11, 12, 13.) To the extent he seeks duplicates of that record, Petitioner is advised that payment is required for all copies of documents contained in this Court's docket. The motions are therefore denied.

As a one-time courtesy to Petitioner, the Court will instruct the clerk's office to send him one copy of the February 8, 2016, Order (ECF No. 50) and the current docket sheet.

**IT IS THEREFORE ORDERED:**

1. Petitioner Kenneth Patton's Motion for Copies (ECF No. 61) and Motion for Documents (ECF No. 63) are DENIED.

2. As a one-time courtesy, the Court instructs the Clerk of the Court to send Petitioner one copy of the February 8, 2016, Order (ECF No. 50) and the current docket sheet.

DATED: May 16, 2024.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE